SILVERSTAR CAPITAL GROUP I, LLC;
SILVERSTAR CAPITAL MANAGEMENT,
LLC; SILVERSTAR CAPITAL GROUP,
LLC; and ROBERT E. MCDONALD,
individually and as member, manager and
owner;

                            Plaintiffs,

          - versus -

JOSEPH A. IOIA, individually and severally;
NEW YORK COMMERCIAL
LUBRICANTS, INC., d/b/a METROLUBE,
and Joseph A. Ioia as owner, sole shareholder
and manager; COMMERCIAL LUBRICANTS
LLC, as successor to New York Commercial
Lubricants LLC d/b/a Metrolube, and Joseph
A. Ioia as sole member, owner, manager;
FULL CIRCLE MANUFACTURING
GROUP, INC., and Joseph A. Ioia as sole
shareholder, manager and owner; NEW YORK
TERMINALS LLC, and Joseph A. Ioia as sole
member, owner, and manager; NEW YORK
TERMINALS II, LLC, and Joseph A. Ioia as
sole member, manager, and owner; and R.I.G.
CLASSIC TRANSPORTATION, LLC, and
Joseph A. Ioia as owner, sole member and
manager;

                            Defendants.

MEMORANDUM
AND ORDER

15-CV-5156 (JG)(LB)

JOHN GLEESON, United States District Judge:

        On August 28, 2015, plaintiff Robert E. McDonald, appearing *pro se*, filed this action individually and on behalf of SilverStar Capital Group I, LLC, SilverStar Capital Management, LLC, and SilverStar Capital Group, LLC ("SilverStar Plaintiffs"), against

1

defendants "to recover monies loaned under a legal Promissory Note." Compl. at 1. McDonald's request to proceed *in forma pauperis* is granted solely for the purpose of this Order. The case is stayed for 30 days in order to allow the corporate plaintiffs to retain counsel.

## BACKGROUND

McDonald alleges that on October 14, 2008, SilverStar Capital Group, LLC entered into a promissory note for $750,000 with New York Commercial Lubricants, Inc. *See* Compl., Ex. C. McDonald alleges that he is "the Senior Partner, Owner and Manager of the Silverstar Plaintiffs." Compl. ¶ 22. McDonald further alleges that on January 22, 2009, defendants defaulted on the promissory note and remain in default. *Id.* at ¶¶ 215-26.

## DISCUSSION

A.   *Standard of Review*

Courts review *pro se* complaints with "special solicitude" and interpret the allegations therein to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed." (internal quotation marks omitted)). If a valid claim could be stated, courts generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Nevertheless, I am required to dismiss a complaint, filed *in forma pauperis*, if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To survive dismissal, a complaint must allege facts sufficient to state a claim to

relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012). Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g.*, *U.S. ex rel. Pantoja v. Citigroup, Inc.*, No. 12-CV-4964 (JG), 2013 WL 444030, at *1 (E.D.N.Y. Feb. 5, 2013).

B.  *Representing a Limited Liability Company*

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. However, McDonald is not a licensed attorney and a corporation or any business entity, such as a partnership, unincorporated association or limited liability company cannot appear *pro se*. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132-34 (2d Cir. 2009); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[A] limited liability company also may appear in federal court only through a licensed attorney."); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread."). Moreover, a limited liability company cannot circumvent this rule by assigning its claims to a layperson. *See Jones*, 722 F.2d at 23; *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self . . . a lay person may not represent a corporation or a partnership or appear on behalf of his or her own minor child."); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-03 (1993). Here, McDonald cannot represent or bring this action on behalf of the SilverStar Plaintiffs, all of which are limited liability companies. Furthermore, there is no reason to allow the claim to proceed as to McDonald since his allegations and supporting exhibits do not show that he has a personal claim

3

against the defendants. The SilverStar Plaintiffs, not McDonald, executed the promissory note and the checks made payable to defendants, which are the gravamen of the action.

## CONCLUSION

Accordingly, in order to proceed with this action, the SilverStar Plaintiffs must obtain counsel within 30 days from the date of this Order. If counsel for those plaintiffs does not file a notice of appearance, the case shall be dismissed. Furthermore, the SilverStar Plaintiffs must pay the $400 filing fee in order to proceed with this case.

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
September 21, 2015