# UNITED STATES DISTRICT COURT

## for the

## Eastern District of New York

| | |
|---|---|
| Robert E. McDonald ) | |
|       Plaintiff, ) | |
| v. ) | Civil Action No. 1:15-CV-5156(JG)(LB) |
| ) | |
| Joseph A. Ioia, et al. ) | **AFFIRMATION OF SPENCER B. ROBBINS** |
|       Defendant. ) | |

I, Spencer B. Robbins, being duly sworn, according to law, upon his oath, deposes and says:

1. I am an Attorney at Law of New York and New Jersey and I represent the named Defendants in the above-captioned matter and in that capacity I am fully familiar with the facts herein.

2. I am filing this Motion to Quash subpoenas issued by the Plaintiff seeking financial information on Joseph Ioia and Metrolube from TD Bank and JP Morgan Chase and other Defendants, who are actually not involved in the allegations of the Plaintiff.

3. As the Court may be aware, I represent Joseph Ioia and the other Defendants in a lawsuit filed by the Plaintiff, Robert E. McDonald. The Plaintiff's claim is that he seeks to collect under the provisions of a promissory note provided to the SilverStar Capital Group in 2008. Defendants have disputed the promissory note since shortly after the note was signed in 2008 for a myriad of reasons. In the meantime, Plaintiff filed the

complaint in August, 2015, more than six (6) years after the last date that would have been listed as timely and thus I have filed a motion to dismiss this case.

4. To put this matter in perspective it is my understanding that none of the Defendants in this matter have yet to be properly served with the Summons and Complaint by the United States Marshall's office. I have learned of this suit because papers were sent to a client of mine, by the name of Commercial Lubricants, LLC. Commercial Lubricants, LLC. is a distributor of lubricating oils and is owned by several people and not by Joseph Ioia. Commercial Lubricants, LLC., did not even exist until January, 2013, while the Plaintiff alleges that Commercial Lubricants, LLC., is liable under the terms of a promissory note he was supposedly assigned. On behalf of the Defendants, I wrote to the Court requesting a Pre-Motion conference to dismiss the complaint. However, the Court has now directed me to simply file my motion to dismiss by January 8, 2016, with the Plaintiff having until January 22, 2016 to respond. My final response is due by January 29, 2016.

5. Even though the Summons and Complaints in this matter have not been served and a schedule for filing a motion to dismiss exists, the Plaintiff continues to file various papers, including subpoenas for financial information, bank records, Default applications and letters suggesting ethical violations against me for mentioning McDonald's past criminal conduct.

6. I recently was provided letters from JP Morgan Chase and TD Bank requesting bank and financial records on Joseph Ioia and Metrolube, which is just the tradename for Commercial Lubricants, LLC., which should not be a party to the complaint filed herein. A copy of the bank letters are attached hereto as Exhibit "A". I am therefore requesting

that all of the subpoenas to any bank, but particularly, JP Morgan Chase and TD bank filed by the Plaintiff be quashed at this time.

7. I have also been provided subpoenas that the Plaintiff issued to various individuals, such as the Defendant, Joseph Ioia's wife, and Gary Stetz, one of the owners of Commercial Lubricants, LLC., who have no information regarding this suit. I am therefore formally requesting that those subpoenas be quashed. See a copy of the subpoenas attached as Exhibit "B".

8. I would further ask the Court to have the Plaintiff refrain from filing any further papers, subpoenas, demands, motions of any sort until the Motion to Dismiss is decided.

9. In the meantime, I have advised the Court that the Plaintiff's claim in this matter are based on possession of a promissory note that he personally assigned to himself from a company that he was involved called Silverstar Capital Group. Based on the knowledge of one of the members/investor of SilverStar Capital, it turns out that SilverStar Capital was a fraudulent investment company created by Robert E. McDonald created to invest in companies that he thought were wise investments. None of the investors were aware that Plaintiff, McDonald, was a convicted felon for his criminal conduct in creating a fraudulent investment company previous. His criminal convictions for wire fraud, mail fraud and securities fraud were never mentioned to its investors. SilverStar never made any investments or gave a return of any investors original monies. He was able to raise $1.8 million for Silver raised mostly from Ron Manzo, who was not aware of McDonald's past. SilverStar never raised any further money and the United States Attorney for the Southern District of New York then proceeded to charge McDonald with

new criminal charges in 2010 for wire fraud, mail fraud and securities fraud. McDonald was convicted of the criminal charges and spent 55 months in jail.

10. Now as part of McDonald's criminal enterprise he seeks to take the expired promissory note of SilverStar Capital and claim it for himself because he was able to defraud investors out of money. Therefore, as consideration for fraudulently raising funds this would be his compensation. He does not mention all of the other money he took and spent personally from SilverStar Capital.

11. As to Plaintiff's claim in this matter, Defendants at this time have filed a motion to dismiss this case. As mentioned the promissory note being claimed by the Plaintiff was signed in April, 2008. By the Plaintiff's own admission, he had only until April, 2015 to file suit or the Statute of Limitations would expire and he would not be able to continue with this matter. Although Defendant's dispute all of Plaintiff's claim, the Defendant's believe that the time to file a complaint should have been even earlier than April, 2015. Plaintiff did not file suit until August, 2015 and when he did, it was under the name of the SilverStar Groups. When the court disallowed his complaint to proceed because SilverStar was not represented by counsel, McDonald proceeded in filing the complaint with the assignment of the promissory note to himself.

12. Accordingly, I ask that the relief of quashing the subpoenas and restraint of filing additional papers, except that which has been ordered be granted.

Dated: January 7, 2016

Spencer B. Robbins