UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| Robert E. McDonald | ) | |
|     Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:15-CV-5156(JG)(LB) |
| | ) | |
| Joseph A. Ioia, et al. | ) | **AFFIRMATION OF SPENCER B. ROBBINS** |
|     Defendant. | ) | |

I, Spencer B. Robbins, being duly sworn, according to law, upon his oath, deposes and says:

1. I am an Attorney At Law of New York and New Jersey and I represent the Defendants in the above-captioned matter and in that capacity am fully familiar with the facts of this case.

2. I make this Affirmation in Reply to the Plaintiff's opposition to the Defendants Motion to Dismiss, which I understand is to be heard on February 5, 2016. By separate letter we are asking that day to be moved to the following Monday, February 8, 2016, as I will be returning from being out of state that day and will be on a plane.

3. I have reviewed the Plaintiff's letter dated January 8, 2016 which I believe is his opposition to my Motion to Dismiss and also his January 18, 2016 papers listed as Plaintiff's motion and Memorandum in Opposition to Defendant's Motion to Dismiss.

4. I respond as follows:

    A. The Court eliminated the requirement for a pre-motion conference on my request to file a Motion to Dismiss this matter for among other reasons, expiration of the time to file a claim under the Statute of Limitations.

B. Plaintiff's Preliminary Statement:

Plaintiff contends that there are no facts material to the determination of a judgment, which I took to mean, Judgment of Dismissal. Although, I contend that the Plaintiff does not even have standing to proceed on this matter by taking an assignment of a note from a corporation that apparently does not exist and from which he had no authorization. Plaintiff further contends that a promissory note is a continuing, absolute and unconditional guarantee which is not governed by any rules or laws and is not subject to any time requirement for an action to be filed. His outright statement is that the statute of limitations does not operate to bar the enforcement of a personal guarantee, ever. His position is without any merit.

Contrary to these above statements, the Plaintiff has already admitted that the Statute of Limitations exists and that he did not file an action timely. In Plaintiff's original submission to the Court, being his complaint and his affirmation, he already concedes the Statute of Limitations has run on the Promissory Note that is the subject of this action on January 22, 2015. By way of admission the Plaintiff has advised that the Note was signed on October 14, 2008. A copy of which was attached as Exhibit "B" to Defendants' Motion to Dismiss. He admits that there is a six (6) year statute of limitations on promissory notes. He further admits that he knew there was a time frame in which to bring an action, as he was aware of the Statute of Limitations on these types of matters and further he was advised by several lawyers that he consulted that there was a time limitation or such an action would be barred. A review of pages 6-9 of his Affirmation attached to the Complaint, which is attached hereto as Exhibit "D", the Plaintiff goes through his thought pattern about knowing that he had to take legal action.

His analysis of commencing an action started in January, 2009. He knew that he had to bring an action to recover on this matter, if he truly thought there was a case. He did not bring an action because of several things. First, he knew he was on probation for being a convicted felon and contrary to his new statements, he knew he would be charged with a violation of probation. He states that he did not want to give notice to Joe Ioia, because he perceived that Ioia would cause him harm. These are more gratuitous statements made by the Plaintiff. The Plaintiff and Defendant did not come into contact with each other from before this note was signed. There are no writings by Ioia or anyone for that matter threatening McDonald. McDonald's statements that Ioia is Italian and that many Italians were housed at the

Metropolitan Detention Center is simply without basis. There is no information that Ioia even knew where the Plaintiff was incarcerated. Plaintiff continues his gratuitous statements that Italians have a history in organized crime of ordering hits within prison and without prison. His perceived fears of retaliation by Ioia does not even make sense.

McDonald's own statements about his supposed e-mail with Ioia, which has never been provided, was that Ioia had planned to go to the authorities about the Plaintiff's conduct. There was no stated physical harm mentioned. In this case, the U.S. Attorney's office contacted Ioia for information, not that Ioia threatened to contact the U.S. Attorney's office.

McDonald then goes through a litany of various excuses why he would not file an action. He was not made aware of the Statute of Limitations, he did not have the ability to do research, he was not sure if the Federal Statute of Limitation would control or the State Statute of Limitation.

6. Further the Plaintiff acknowledges that he is aware of the Statute of Limitations because he did legal research and admitted that there is a time bar but he has approached this matter as though he can simply proceed without time limitation because of his incarceration for 55 months for his criminal behavior. He even believes that since the Court allowed him to re-file his complaint personally after refusing the original complaint under the name of SilverStar, that the Court has granted him the ability to proceed on this matter allowing a tolling of the Statute of Limitations. I do not believe the Court has made any such ruling.

7. Further, the Plaintiff has stated that he knew the time in which to file an action, but even though there were approximately two years before he was incarcerated he did not file because he was afraid that Ioia, being Italian would hurt him in prison. This statement has no truth. As mentioned, the bulk of the money that he took for SilverStar was from Ron Manzo, an Italian.

8. Plaintiff further admits that there were several dates that would be important to him in filing an action against Defendant, Joseph Ioia, as he was aware of the rejection and disputes regarding any promissory note from December, 2008. He further admits that Ioia again rejected the Plaintiff's contention about the Note in January, 2009 and made a statement that he even was rejected by Ioia in April, 2009, which Plaintiff has not provided any documentation of.

9. To now respond to the Motion to Dismiss with an argument that there are no facts of law that would be material to the decision making process on this motion is disingenuous and the product of the Plaintiff's bad faith in bringing this action.

10. Next, Plaintiff contends that Defendants argument that the note in question cannot be assigned is foreclosed as a matter of law because (1) he need only possess the original note and a written assignment is not required, (2) a party who signed a note cannot raise any defenses and (3) under New York law, a guarantee is a matter of law.

11. In considering the Plaintiff's argument here, is like watching the famous baseball double play combination of Tinkers to Evans to Chance. Plaintiff refuses to discuss the real and particular facts of this matter running us around the bases. Again, contrary to the Plaintiff's gratuitous statements have no merit in law or fact. We know from the statements of Ioia and more particularly, Manzo, the note in question, was not given to McDonald. The corporation, SilverStar, does not exist as what can be determined and Plaintiff knows that. SilverStar Capital had sought to establish its office in MetroPark, in Edison, New Jersey. Sometime in early 2009, their office was closed and their furnishings were repossessed, including computers. None of the members of SilverStar ever voted on an assignment of the promissory note or even authorized it. Plaintiff can produce no documents that would evidence such. Plaintiff did not even have the ability to be part of this investment vehicle as a result of his previous criminal conviction.

12. As to sections 2 and 3 of his argument it is more gratuitous statements and pathetic posturing.

13. As to the Plaintiff's next contention that this Court should not consider the Plaintiff's conduct in this matter and his dealings with SilverStar. First, contrary to Plaintiff's contention, about third parties, suit was commenced in the Superior Court of New Jersey, Middlesex County, Law Division, against McDonald by Ronald Manzo on or about April 10, 2010. A copy of the Complaint is attached hereto as **Exhibit "E"**. The matter did not proceed to Judgment because McDonald could not be found. He refused to answer his phone and we had no address once the office in Metropark was closed. We were aware that that United States Attorney's office was

pursuing him, but they would not provide any information about him or his case. In fact, if the Court does not dismiss this matter, I am sure that Ron Manzo, will seek to enter this matter.

14. Plaintiff next contends that his criminal conduct should not be considered here based merely on quotes from the Supreme Court and Second Circuit. No case law has been mentioned by the Plaintiff. Plaintiff argues that the Court should not consider relevant information as to this matter because it shows what he did and he does not believe that is good for his case. Only a third party can bring that information. Well, in this matter, the person who was cheated by McDonald, being Manzo, has submitted an affirmation on this matter.

15. The Defendant is conspicuously hiding the issues that he was incarcerated and what happened to Manzo's investment and others and what occurred to SilverStar Capital companies. The failure to provide such information clearly shows that Plaintiff is not only lying to the Court about the circumstances of this matter, but not being truthful about why he was even incarcerated. The United States Attorney's office interviewed Manzo and Ioia in early 2009, Plaintiff states that he was arrested in 2010 and was found guilty and was incarcerated for 55 months. No information has ever been provided by the Plaintiff, yet on his request to be considered *forma pauperis* he advises that he has Judgments for the amount of $1,800,000.00, the same amount that he said he raised from members of Silverstar Capital. Plaintiff does not want us to look behind the curtain to see what he has done and why he went to prison twice for securities fraud, mail fraud and/or wire fraud.

16. Plaintiff refuses to advise this Court by what authority he had to operate SilverStar and what authority he had to assign any note.

17. Still this matter is proceeding as a Motion to Dismiss due to the untimely filing of the Complaint by the Plaintiff.

18. Accordingly, we seek to the have the Complaint dismissed with prejudice and have sanctions placed against the Plaintiff for what should be deemed a frivolous complaint.

19. Lastly, the Plaintiff has requested that he appear by teleconference for the oral argument scheduled for Friday, February 5, 2016 at 10:00. I ask that the matter be moved to another day

as I will be out of state the first week of February and will be returning to the New York area on that date and will not be able to participate in a hearing. I will be returning late on that Friday.

20.  I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: January 22, 2016

_____
Spencer B. Robbins